**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4753**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DARIEL TYREE PITTMAN,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:07-cr-00308-D-1)

─────────────

Submitted:  June 9, 2009              Decided:  July 2, 2009

─────────────

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Terry F. Rose, Smithfield, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Ethan A. Ontjes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Dariel Tyree Pittman for being a felon in possession of a firearm on April 25, 2007 (Count 1), in violation of 18 U.S.C. § 922(g)(1) (2006); obstructing interstate commerce by robbery and aiding and abetting (Count 2), in violation of 18 U.S.C. §§ 2, 1951 (2006); carrying a firearm in relation to a crime of violence and aiding and abetting (Count 3), in violation of 18 U.S.C. § 2 and 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2009); and being a felon in possession of a firearm and aiding and abetting on June 19, 2007 (Count 4), in violation of 18 U.S.C. §§ 2, 922(g)(1). Pittman pleaded guilty to Counts 2 and 3 pursuant to a plea agreement in exchange for the Government dismissing Counts 1 and 4. The district court sentenced Pittman to 162 months of imprisonment for Count 2 to be served consecutively with eighty-four months of imprisonment for Count 3. Pittman now appeals his sentence, arguing that the district court erred in upwardly departing from the advisory guidelines range. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir. 2009). In so doing, the court first examines the sentence for "significant procedural error," including: "'failing to calculate (or

2

improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" Gall, 128 S. Ct. at 597. If there are no significant procedural errors, the court "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008).

Pittman argues that the district court abused its discretion in upwardly departing from the advisory guidelines range to reflect the conduct in the dismissed charges, Counts 1 and 4. See U.S. Sentencing Guidelines Manual § 5K2.21 (2007). In light of the facts of this case and the district court's thorough and meaningful articulation of its consideration of the 18 U.S.C. § 3553(a) (2006) factors and the bases for departure, we find the district court's decision to depart, and the extent of the departure, reasonable.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3